OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION
\* \* \* \* \* \*
QUESTION PROPOUNDED BY THE SENATE IN AN ORDER
DATED MAY 16, 1957
ANSWERED MAY 21, 1957

SENATE ORDER PROPOUNDING QUESTION

May 16, 1957

WHEREAS, it appears to the Senate of the 98th Legislature that the following is an important question of law and the occasion a solemn one; and

WHEREAS, there is pending before the Senate of the 98th Legislature a bill entitled, "An Act Relating to the Unfair Sales Act," (Senate Paper 555, Legislative Document 1551); and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of the proposed bill; be it therefore

ORDERED, that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby respectfully requested to give the Senate their opinion on the following question:

Would the bill, "An Act Relating to the Unfair Sales Act," (Senate Paper 555, Legislative Document 1551), if enacted by the Legislature, be constitutional?
A true copy.

Attest: WALDO H. CLARK, Asst. Sec.

Charles
Cumberland

In Senate Chamber, May 16, 1957, read and passed.

CHESTER T. WINSLOW, Secretary

(NEW TITLE)
## NEW DRAFT OF S. P. 28—L. D. 19

# NINETY-EIGHTH LEGISLATURE

**Legislative Document**      **No. 1551**

S. P. 555      In Senate, May 2, 1957.

Reported by Senator Silsby of Hancock from Committee on Judiciary and printed under joint rules No. 10.

CHESTER T. WINSLOW, Secretary.

## STATE OF MAINE

## IN THE YEAR OF OUR LORD NINETEEN HUNDRED FIFTY-SEVEN

**AN ACT Relating to the Unfair Sales Act.**

Be it enacted by the People of the State of Maine, as follows:

**Sec. 1. R. S., c. 184, § 2, amended.** Section 2 of chapter 184 of the Revised Statutes is hereby amended to read as follows:

'**Sec. 2. Penalty.** ~~Any~~ **It is hereby declared unlawful for** any retailer ~~who, with intent to injure competitors or destroy competition, advertises, offers to sell or sells~~ **to advertise, offer to sell or sell** at retail any item of merchandise at less than cost to the retailer, or **for** any wholesaler ~~who,~~ **to** ~~with intent as aforesaid, advertises, offers to sell or sells~~ **advertise, offer to sell or sell** at wholesale any item of merchandise at less than cost to the wholesaler ~~shall be punished by a fine of not more than $500. In all prosecutions under the provisions of this section, proof of any advertisement, offer to sell or sale of any item of merchandise by any retailer or wholesaler at less than cost to him as herein defined shall be prima facie~~

▬▬▬▬▬▬ ▬▬

evidence of intent to injure competitors and destroy competition.'

**Sec. 2. R. S., c. 184, § 4, sub-§ I, repealed and replaced.** Subsection I of section 4 of chapter 184 of the Revised Statutes is hereby repealed and the following enacted in place thereof:

'I.  On complaint of any person the Superior Court shall have jurisdiction in equity to restrain and enjoin any act declared illegal by any provision of this chapter and it shall be the duty of the several county attorneys in their respective counties to prosecute all violations of any provision of this Act.'

**Sec. 3. R. S., c. 184, § 4, sub-§ II, repealed and replaced.** Subsection II of section 4 of chapter 184 of the Revised Statutes is hereby repealed and the following enacted in place thereof:

'II.  Any person, firm or corporation who violates any provision of this Act shall be punished by a fine of not less than $100 nor more than $500 for each offense.'

**Sec. 4. R. S., c. 184, § 4, sub-§ III, repealed.**  Subsection III of section 4 of chapter 184 of the Revised Statutes is hereby repealed as follows:

'III.  In all proceedings under the provisions of this section, proof of any advertisement, offer to sell or sale of any item of merchandise by any retailer or wholesaler at less than cost to him as herein defined shall be prima facie evidence of intent to injure competitors and destroy competition.'

## ANSWER OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we the undersigned Jus-

tices of the Supreme Judicial Court, have the honor to submit the following answer to the question propounded on May 16, 1957.

QUESTION: Would the bill, "An Act Relating to the Unfair Sales Act," (Senate Paper 555, Legislative Document 1551), if enacted by the Legislature, be constitutional?

ANSWER: We answer in the negative.

In our opinion the Unfair Sales Act (R. S. c. 184) if amended by L. D. 1551 would violate Section I of the 14th Amendment to the Federal Constitution (the due process clause) and Section 1, of the Declaration of Rights in the Maine Constitution.

The primary purpose of L. D. 1551 is plainly to remove the factor of "intent to injure competitors or destroy competition" from the statute. Under the existing Act it is a crime for a retailer or wholesaler *with, and only with such intent,* to advertise, offer to sell or sell merchandise at less than cost, with certain exceptions. L. D. 1551 strikes the intent clause from the Act, thus making it a crime, without reference to intent, for a retailer or wholesaler to advertise, offer to sell, or sell merchandise below cost, with certain exceptions.

The fatal defect from a constitutional point of view lies in the removal of the intent clause. Our opinion is directed solely to this issue. We are not considering in this opinion legislation covering property which may be affected with the public interest and thus subject to special laws, rules and regulations, nor do we touch upon other provisions of the Unfair Sales Act in its present form or as proposed by L. D. 1551.

In *Wiley* v. *Sampson-Ripley Co.*, 151 Me. 400, decided in 1956, the court held that advertising coffee for sale at less than cost could not constitutionally be declared by the Leg-

islature to be prima facie evidence of an intent to injure competitors and destroy competition. The court said, at page 402:

"It is recognized that laws which prohibit the sale of merchandise below cost, are not valid, where the only purpose is to make such sales illegal. *Fairmont Creamery Co.* v. *State of Minnesota,* 274 U. S. 1, 47 Sup. Ct. Rep. 506; *State* v. *Packard-Bamberger & Co.,* 123 N.J.L. 180, 8 A. (2nd) 291.

"To meet this objection, most uniform sales acts, as in our case, make such conduct illegal only when the sale below cost is '. . . with intent to injure competitors or destroy competition. . .'

"If such intent is not established then there is no violation. This law comes within the well recognized police powers of the State, and has for its purpose the prevention of ruthless, unfair and destructive competition, and to that extent is constitutional."

and again, at page 404:

"While we hold that the Unfair Sales Act is constitutional insofar as it seeks to prevent unfair competition and to that extent comes within the police powers of the State, we rule that the prima facie provisions of Section 2 (criminal prosecution), Section 4 (injunctive relief) and Subsection III of Section 4 (prima facie evidence, in civil actions, of intent to injure competitors and destroy competition) are unconstitutional."

The Pennsylvania Court, in *Commonwealth* v. *Zasloff,* 13 A. (2nd) 67, held that an Act prohibiting the sale of merchandise at less than cost, except in specified instances, that is, a statute substantially like that proposed in L. D. 1551, was unconstitutional. The court said, at page 70:

"But the selling of merchandise below cost is, in general, an innocent and legitimate practice, and subject to abuse only in occasional instances. Under such circumstances it has been uniformly held

to be beyond the power of the legislature to effect an absolute prohibition."

The Connecticut Court, in *Carroll* v. *Schwartz,* 14 A. (2nd) 754, in upholding the constitutionality of their Unfair Sales Practice Law, said at page 756:

"Laws prohibiting sales at less than cost have been held unconstitutional by some courts. State v. Packard-Bamberger & Co., Inc., 123 N.J.L. 180, 8 A. 2d. 291; Commonwealth v. Zasloff, 338 Pa. 457, 13 A. 2d. 67, 70. The New Jersey and Pennsylvania laws which were held unconstitutional in these cases prohibited such sales and differed in that respect from our law which only operates upon such sales when made with intent to injure a competitor or suppress competition."

L. D. 1551 eliminates the unconstitutional provision relating to prima facie evidence of intent, but this is not its main purpose. The bill goes, as we have seen, to the extent of removing wrongful or criminal intent as a necessary element in establishing a violation of the Unfair Sales Act. Thus the proposed legislation comes within the constitutional ban noted in the *Wiley* and other cases cited above.

With the wisdom of the policy which the Legislature seeks to establish we are not concerned. Our task is to give our opinion upon the constitutionality of L. D. 1551 and no more. It is plain, in our view, that the Legislature in removing the wrongful or criminal intent from the present Act would destroy the constitutional foundation for the Unfair Sales Act which lies within the police power.

Dated at Augusta, Maine, this 21st day of May, 1957.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
ALBERT BELIVEAU
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN
F. HAROLD DUBORD